IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ALTON TRIBBLE,

    **Movant,**

v.                                   **Case No. 3:16-cv-10029**
                                       **Criminal Case No. 3:14-cr-00062**

UNITED STATES OF AMERICA,

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant's "motion for relief from a judgment by correcting pre-sentence investigation report per FRCP 60(b)(6) or per 28 U.S.C. § 2255 if none had been submitted and construing as such would be timely," (ECF No. 34),[1] and Respondent's renewed motion to dismiss. (ECF No. 41). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding district judge **DENY** Movant's motion; **GRANT** Respondent's motion; and **DISMISS** this civil action, with prejudice, and remove it from the docket of the Court.

---

[1] The citations in this PF&R reference Movant's criminal case number: 3:14-cr-00062.

1

I. **Factual and Procedural Background**

In April 2014, Alton Tribble (hereinafter "Tribble") entered into a plea agreement with the United States and pled guilty to possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 5, 8, 9, 10). In the plea agreement, Tribble waived his right to appeal or collaterally attack his sentence so long as the sentence was within the maximum authorized by statute, except that he retained the right to raise a claim of ineffective assistance of counsel. (ECF No. 9 at 4). Tribble acknowledged to the Court at his guilty plea hearing that he understood the implications of the appellate and collateral attack waiver in his plea agreement. (ECF No. 24 at 20-21).

The Court ordered the Probation Office to prepare a draft presentence report (hereinafter "PSR") concerning Tribble's criminal history and other factors. (ECF No. 10 at 3). At sentencing, Tribble raised two objections to the PSR. Tribble objected to the fact that drugs seized from another individual were attributed to him and also objected to the proposed sentence enhancement based on his possession of a firearm. (ECF No. 25 at 5-13). The Court denied both objections. (*Id.* at 11-14). On that date, August 18, 2014, the Court imposed Tribble's judgment of conviction and sentenced him to 63 months of imprisonment and three years of supervised release. (ECF No. 15). Tribble's supervised release sentence was the statutory minimum for the offense that he committed. (ECF No. 25 at 15).

Tribble appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit (hereinafter "Fourth Circuit"), which affirmed the judgment on March 3, 2015. (ECF Nos. 29, 30). Tribble had 90 days within which he could file a petition for a writ of certiorari in the United States Supreme Court, but he

did not pursue such relief. (ECF No. 31). Instead, on or about October 24, 2016, Tribble filed the instant motion, seeking to "correct" his PSR under Rule 60(b)(6) of the Federal Rules of Criminal Procedure or 28 U.S.C. § 2255. (ECF No. 34).[2] Tribble contends that his PSR should be amended to redact "certain matters such as a firearm, dangerous chemicals in some situations, and past convictions of a certain type as well as matters considered to be minor escapes or escapes" because such information would make him ineligible to receive credit toward his sentence for successful completion of the Residential Drug Abuse Program (hereinafter "RDAP"). (*Id.*).

The United States moved to dismiss Tribble's motion on the grounds that it did not state a claim for relief under § 2255, was barred by the collateral attack waiver in Tribble's plea agreement, was untimely under 28 U.S.C. § 2255(f)(1), and was moot because Tribble was released from incarceration. (ECF Nos. 39, 41). Tribble was released on July 24, 2018 to serve his three-year term of supervised release. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited Sept. 18, 2018).

## II.   Discussion

Tribble's motion concerns legislation passed by Congress to incentivize prisoners to participate in substance abuse treatment programs. Namely, Congress authorized the Bureau of Prisons to reduce each prisoner's sentence up to one year, also referred to as "early release," upon the prisoner's successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B). However, only prisoners convicted of non-violent offenses are eligible for the sentence reduction. *Id.*

---

[2] The exact date that Tribble deposited the motion with prison authorities is unclear from the motion.

A two-level enhancement for possessing a firearm during the commission of a drug offense has been deemed to preclude a prisoner's eligibility for early release under § 3621(e)(2)(B). *See, e.g., Holmes v. Hendrix*, No. 2:17-CV-00079, 2018 WL 1722396, at *3 (N.D.W. Va. Mar. 14, 2018), *report and recommendation adopted,* 2018 WL 1718566 (N.D.W. Va. Apr. 9, 2018). Tribble asks the Court to remove his firearm enhancement and other matters from his PSR so that he can be eligible for early release after completion of a drug treatment program.

Rule 32(f) of the Federal Rules of Criminal Procedure provides the procedure to challenge portions of a PSR. FED. R. CRIM. P. 32(f) (stating that a party has 14 days to object to the contents of the report). Tribble did, indeed, object to the firearm enhancement in his PSR, but the Court denied his objection at sentencing. (ECF No. 25 at 13-14). Tribble evidently did not raise the issue on direct appeal. *United States v. Tribble*, No. 14-4674 (4th Cir. 2015). However, Tribble now argues, based on *United States v. Fraley*, No. 05-188-KSF, 2007 WL 1876455, at *2 (E.D. Ky. June 27, 2007), that the Court can amend his PSR under § 2255 to allow him to receive the possible sentence reduction. In *Fraley*, a defendant filed a similar motion under § 2255 seeking to remove the two-point sentence enhancement based upon her possession of a dangerous weapon because the enhancement precluded her from receiving credit toward her sentence upon completion of RDAP. *Fraley*, 2007 WL 1876455, at *1. The district court noted in *Fraley* that the United States had no objection to the defendant's motion and acknowledged that it was its intent during sentencing that Fraley be eligible for early release upon completion of RDAP. *Id*. Therefore, the district court granted the § 2255 motion and ordered that Fraley's PSR be amended to remove the sentence enhancement. *Id*. at 2.

*Fraley* is not binding authority on this Court. However, *Fraley* has been cited in one case within the Fourth Circuit. In *Cline*, a United States Magistrate Judge in the United States District Court for the Northern District of West Virginia considered a § 2255 motion that sought to remove a firearm enhancement from the defendant's PSR so that he could be classified as a non-violent offender and qualify for a sentence reduction after completing RDAP. *Cline v. United States*, No. 2:09-CR-7-1, 2011 WL 6965661, at *1 (N.D.W. Va. Nov. 14, 2011), *report and recommendation adopted,* No. 2:09-CR-07-1, 2012 WL 42156 (N.D.W. Va. Jan. 9, 2012). The Magistrate Judge in *Cline* concluded that *Fraley* stood for the proposition that "although relief under 28 U.S.C. § 2255 is limited to situations in which the defendant alleges constitutional or jurisdictional error, a sentencing court's reliance on false or improper assumptions in increasing a sentence is an error cognizable under a habeas corpus action." *Id.* at *2. Nonetheless, the Magistrate Judge did not apply *Fraley* to the case at bar. Rather, the Magistrate Judge found that in Cline's case, "the sentencing court did not rely on [the defendant's] early release under the RDAP program when determining his sentence," but rather "[w]hile the Government encouraged the court, and the court did in fact recommend RDAP program, the court never factored RDAP program into its decision." *Id.* at *2. The Magistrate Judge further stated that "the district court's statement of reasons ma[de] no reference to the possibility of a year reduction in sentence upon completion of RDAP program." *Id.* The Magistrate Judge concluded that, given such factual record, the § 2255 motion should be dismissed, and the recommendation was adopted by the district court. *Id.*

As reflected above, the *Fraley* decision was based upon a unique set of circumstances that guided exceptional relief in Fraley's case. During Fraley's

sentencing hearing, the United States and the Court expressed their mistaken belief that despite the fact that Fraley's sentence included a two-point firearm enhancement, Fraley could still receive the early release sentence credit after completion of a drug treatment program. *Fraley*, 2007 WL 1876455, at *3-4. The collective intention was undoubtedly for Fraley to be eligible for early release. Therefore, after it came to light that Fraley was ineligible for early release due to the firearm enhancement, the Court, with no objection from the government, retroactively amended the PSR to remove the enhancement. *Id.* at *6.

In the present motion, Tribble states that "district courts across the country have granted relief" based upon *Fraley*. (ECF No. 34 at 1). However, a review of Fraley's citing authorities reveals that other courts which have considered § 2255 motions like Tribble's have distinguished, as well as questioned, the decision in *Fraley* and have declined to apply the reasoning or relief accorded in that case. *United States v. Tenorio*, No. 11-CR-00375-CMA, 2016 WL 6809179, at *2 (D. Colo. Oct. 6, 2016) (holding that Tenorio was not entitled to relief under § 2255 or FED. R. CRIM. P. 60(b)(6), stating that *Fraley* was non-binding authority and distinguishable from Tenorio's case because there was no discussion that Tenorio would be eligible for earlier release upon successful completion of RDAP and also questioning the basis of the *Fraley* decision); *Brooks v. United States*, No. 2:08-CR-102 (32), 2011 WL 6002932, at *1 (E.D. Tenn. Nov. 30, 2011) (stating that "*Fraley,* however, even if correctly decided, [was] factually distinguishable from the instant case" because there was no expressed intent by the government or the Court that Brooks would be eligible for early release upon completion of RDAP and also holding that Brooks procedurally defaulted his claim and his § 2255 motion was barred by a valid waiver of collateral attack contained in his plea

agreement); *United States v. Howard*, No. 09-47-GFVT, 2011 WL 3739051, at *2 (E.D. Ky. Aug. 23, 2011) (holding that Fraley was distinguishable and non-binding authority); *Fanning v. Patton*, No. 07-CV-98-HRW, 2007 WL 2979927, at *7 (E.D. Ky. Oct. 11, 2007) (dismissing a habeas petition filed under 28 U.S.C. § 2241 without prejudice, stating that Fanning had no legitimate claim under § 2241 and, to the extent that he relied on *Fraley*, he would need to assert a motion under § 2255 in the sentencing court): *United States v. Medina*, No. 13-112-BLG-SPW, 2017 WL 5505795, at *1–2 (D. Mont. Nov. 16, 2017) (stating that unlike *Fraley*, RDAP was recommended solely for drug treatment, not early release, and the record did not support any inference that Medina's sentence was unlawful under § 2255); *Caudle v. United States*, No. 3:09-CR-95-1-S, 2014 WL 991731, at *2 (W.D. Ky. Mar. 13, 2014) (holding that the § 2255 motion seeking to remove a past conviction from Caudle's PSR in order for him to qualify for early release was untimely, barred by the waiver clause in Caudle's plea agreement, and failed to state a claim upon which relief could be granted, noting that, unlike *Fraley*, the government objected to the motion and there was no need to conform the sentence to the intentions of the sentencing court); *United States v. Howard*, No. 11-7152-GFVT, 2011 WL 3739059, at *4 (E.D. Ky. Apr. 26, 2011), *report and recommendation adopted,* 2011 WL 3739051 (E.D. Ky. Aug. 23, 2011) (holding that § 2255 motion was time-barred, waived, and dissimilar to *Fraley* because Howard made no showing that she was intended to receive early release credit upon completion of RDAP and the government opposed her motion); *United States v. Henderson*, No. 3:02-CR-63-C, 2011 WL 4352393, at *3 (W.D. Ky. Jan. 21, 2011), *report and recommendation adopted,* No. 2011 WL 4352298 (W.D. Ky. Sept. 16, 2011) (recommending dismissal of the § 2255 as untimely and declining to apply *Fraley*).

Like the foregoing cases, Tribble's motion is subject to dismissal on several grounds. First, Tribble's motion was filed more than one year after his judgment of conviction became final, and he asserts no impediment to making his motion, a newly-recognized right, a delay in discovering the facts supporting his claim, or any argument that the limitations period should be equitably tolled. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, the Fourth Circuit affirmed Tribble's judgment on March 3, 2015. Tribble had 90 days within which to file a petition for a writ of certiorari in the Supreme Court, but he did not file such petition. Therefore, Tribble's judgment became final upon the expiration of the 90-day period in June 2015 and he had one year from that date to file a motion under § 2255. Tribble did not file his motion until October 2016. Therefore, his motion is untimely under the AEDPA.

The Fourth Circuit has long recognized that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th

8

Cir. 2000). The Supreme Court of the United States established in *Holland v. Fla.*, 560 U.S. 631, 649 (2010), that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." In this case, Tribble does not assert any basis for equitable tolling. In fact, he was notified of his right to respond to the United States' motion to dismiss, which argued that his habeas motion was untimely, but he did not file a response in opposition. (ECF No. 40). Therefore, the undersigned **FINDS** that Tribble's motion under § 2255 is untimely pursuant to the AEDPA.

Furthermore, in Tribble's plea agreement, Tribble waived his right to challenge his sentence on any basis other than ineffective assistance of counsel so long as his sentence was within the statutory maximum. Tribble does not assert that his counsel was ineffective or that his sentence exceeded the statutory maximum. "Guilty pleas typically 'are accorded a great measure of finality.'" *Armstrong v. United States*, No. 4:11-cr-5-FL-1, 2016 WL 4007580, at *2 (E.D.N.C. July 26, 2016), *appeal dismissed,* 670 F. App'x 831 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 1214 (2017) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Therefore, "[t]o ensure finality, prosecutors routinely secure waivers of appeal and collateral attack rights as a term of the agreement" and courts "generally enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them." *Id.* (citing *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) and *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v.*

*Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Here, Tribble does not argue that the collateral attack waiver in his plea agreement was unknowing or involuntary. Furthermore, he does not state that his instant action falls beyond the scope of the waiver. Therefore, the undersigned additionally **FINDS** that Tribble's challenge to his sentence is barred by the appellate and collateral attack waiver in his plea agreement.

In addition, Tribble did not raise the instant challenges to his sentence on direct review. As a general rule "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.* Furthermore, if a prisoner raises claims on direct appeal, the prisoner cannot utilize § 2255 to relitigate the claims that were decided by the court of appeals. *United States v. Rush*, 99 Fed. Appx. 489, 490 (4th Cir. 2004) ("An issue previously decided on direct appeal may not be raised on collateral review.") (citation omitted); *Bell v. United States*, No. PJM 13-1682, 2014 WL 7048132, at *3 (D. Md. Dec. 9, 2014), *appeal dismissed,* 599 Fed. Appx. 505 (4th Cir. 2015) ("A petitioner cannot re-raise arguments in a § 2255 motion that were already raised on direct appeal.") (citations omitted); *Barker v. United States,* No. 1:04CR68, 2010 WL 3944769, at *1 (N.D.W. Va. Oct. 7, 2010) (agreeing that "Barker's claim that his sentence was greater than necessary was procedurally barred because the claim was rejected on direct appeal."). Tribble does not make any showing of cause and prejudice or argue that he is innocent of the crime of which he was convicted. Therefore, the undersigned **FINDS** that

Tribble's challenges to his sentence are procedurally barred in this action.

Moreover, Tribble asserts no basis for relief under § 2255 or Rule 60(b)(6) of the Federal Rules of Criminal Procedure. Tribble asserts that "[i]t remains clear that the Court and the government do not object to, and indeed likely intend for" him to receive all benefits of prison programs such as RDAP, which would make him eligible for early release." (ECF No. 34 at 1). However, unlike *Fraley*, the government **does** object to Tribble's § 2255 motion and there is no indication that it was intended for Tribble to be eligible for early release or sentence credit for his completion of RDAP. *See* (ECF No. 25). Tribble does not assert any basis to support an inference that his sentence was imposed in "violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Therefore, Tribble does not state a claim under § 2255. Moreover, Tribble does not assert "any other reason that justifies relief" from his sentence under FED. R. CRIM. P. 60(b)(6). After reviewing Tribble's motion and the record in this matter, the undersigned **FINDS** that Tribble does not state a claim upon which relief can be granted under § 2255 or FED. R. CRIM. P. 60(b)(6).

Finally, even if Tribble properly stated a claim, the issue that he raises in his motion is moot given his release from incarceration. It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although a prisoner's subsequent release did not deprive the Court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case

11

or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a federal prisoner files a habeas corpus petition seeking relief from a sentence, his release may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action

is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, Tribble's § 2255 motion seeks to remove a firearm sentence enhancement and other matters from his PSR to make him eligible for early release upon completion of RDAP. However, Tribble has been released from incarceration. He does not challenge his term of supervised release, which is statutorily mandated for the offense that he committed, nor does he challenge his conviction. Also, Tribble does not contend that either exception to the mootness doctrine applies in his case. Therefore, the undersigned **FINDS** that, in this circumstance, Tribble's motion for habeas relief is moot due to his release. *See, e.g., United States v. Burns*, 694 F. App'x 127 (4th Cir. 2017) (holding that the defendant's challenge to his sentence enhancement was moot, as it pertained only to the imprisonment aspect of his sentence, not his term of supervised release).

### III.   Proposal and Recommendations

For the above-stated reasons, the undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that Tribble's motion to correct his PSR, (ECF No. 34), be **DENIED**; the United States' renewed motion to dismiss, (ECF No. 41), be **GRANTED**; and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers,

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

    The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

    **FILED:** September 25, 2018

                                                                         Cheryl A. Eifert
                                                                        United States Magistrate Judge